# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

CRAIG DAVALOS,
Plaintiff,

vs.

GREG MORGAN, et al.,
Defendants.

Case No. 1:18-cv-611
Dlott, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff Craig Davalos brings this pro se action against defendants Greg Morgan, the Ohio Department of Motor Vehicles, and former Director of the Ohio Department of Public Safety John Borne, in his official capacity, alleging a violation of his civil rights.[1] This matter is before the Court on defendant Director of the Ohio Department of Public Safety's motion for judgment on the pleadings (Doc. 8), plaintiff's response in opposition (Doc. 15), and defendant's reply memorandum (Doc. 21).

## I. Factual Allegations

Plaintiff's amended complaint alleges that on August 25, 2016, Hamilton County Sheriff Sergeant Greg Morgan confiscated plaintiff's van without a warrant. The van was later impounded by authorities. As it relates to defendant Director of the Ohio Department of Public Safety, the amended complaint alleges:

> [Director of the Ohio Department of Public Safety] through the policies at the Bureau of Motor Vehicles, has made private ownership of my van impossible without committing fraud or perjury; depriving and preventing me from ownership of my property, the place where I shelter, without due process of law.

\*\*\*

> In an attempt on 8-26-16 at The Ohio Department of Safety Bureau of Motor Vehicles location at 1214 W. Kemper Road, Forest Park Ohio 45240 at about 10:00

---

[1] Defendant represents that Thomas J. Stickrath is the current Director of the Ohio Department of Public Safety. (Doc. 21 at 1). Thus, defendant Stickrath is substituted for John Borne as a party. *See* Fed. R. Civ. P. 25(d).

a.m., due to internal rules and regulations supervised, administered and directed by John Borne, has made it impossible for someone without a physical residence to obtain a certificate of title without committing perjury and fraud on the application for Certificate of Title, thereby allowing no procedure to obtain ownership, registration or insurance.

(Doc. 3 at 2, 3). Plaintiff alleges that "[t]he policies of the Ohio Department of Safety Bureau of Motor Vehicles has/is preventing me from owning my van, the place where I use to shelter." (Doc. 3 at 4). As relief, plaintiff seeks damages, an injunction ordering the return of plaintiff's property, and a Court order requiring "the Ohio Bureau of Motor Vehicles to develop a procedure and methodology for ownership of my van that has no valid place of residence to apply for a Certificate of Title." (*Id.* at 4).

**II. The Motion for Judgment on the Pleadings should be Granted.**

Courts apply the same analysis to motions for judgment on the pleadings under Rule 12(c) as they apply to motions to dismiss under Fed. R. Civ. P. 12(b)(6). *See Warrior Sports, Inc. v. Nat'l Collegiate Athletic Ass'n*, 623 F.3d 281, 284 (6th Cir. 2010). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (internal citation and quotation marks omitted)). However, the Court need not accept as true legal conclusions or unwarranted factual inferences. *Id.* (citing *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)).

To withstand a Rule 12(c) motion for judgment on the pleadings, "a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). "The factual allegations in the complaint need to be sufficient to give notice to the

2

defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009)). A "legal conclusion couched as a factual allegation" need not be accepted as true, nor are recitations of the elements of a cause of action sufficient. *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although the plaintiff need not plead specific facts, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 555, 570). A plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

It is well-settled that a document filed pro se is "to be liberally construed" and that a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers [.]" *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, the Sixth Circuit has recognized that the Supreme Court's liberal construction case law has not had the effect of "abrogat[ing] basic pleading essentials" in pro se suits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

Attached to defendant's answer is a letter from plaintiff to the Ohio Department of Safety, Bureau of Motor Vehicles dated June 7, 2018, which clarifies the factual circumstances surrounding plaintiff's pro se complaint.[2] (Doc. 7 at 6-9). In the letter, plaintiff states that he has

---

[2] "Documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss" without converting the motion into one for summary judgment. *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citations omitted). "[A] court may rely on documents outside the pleadings, if those documents 'simply [fill] in the contours and details of the plaintiff's complaint, and [add] nothing new,' without converting the motion to dismiss into a motion for summary judgment." *Bd. of Trustees Sabis Int'l Sch. v.*

3

been homeless since 2003 and had been living in his van when it was confiscated by the Hamilton County Sheriff's Department on August 25, 2016. Plaintiff was advised he would need proof of ownership of the vehicle, i.e., a title or current registration, before the van would be released to him. Plaintiff possessed the previous owner's certificate of title, a bill of sale in plaintiff's name, and the release of lien from the previous owner. Plaintiff was advised that these documents were not acceptable. When plaintiff went to register the vehicle in his name, he was advised by an employee of the Bureau of Motor Vehicles that he would need to supply a valid State of Ohio street address. Plaintiff states that he is homeless and did not have a physical street address. Plaintiff states he would have to supply a "false" address, signed under penalty of perjury, to get the van titled in his name so he could retrieve it from the impound lot, which he refused to do. Plaintiff then had an individual in his home state of Michigan obtain a Michigan Certificate of Title for the vehicle in that individual's name. The individual retrieved the van from the impound lot and plaintiff now possesses the van. Plaintiff states he has no option to obtain "legal" ownership of the van without committing perjury.

Defendant Director of the Ohio Department of Public Safety seeks judgment on the pleadings on the basis that: (1) plaintiff lacks standing to bring this action as his claim no longer presents a live case or controversy because plaintiff's vehicle is now titled, and (2) plaintiff fails to state a claim upon which relief can be granted because he has not alleged that the Director of the Ohio Department of Public Safety has committed any violation of state or federal law. (Doc. 8 at 2).

---

*Montgomery*, 205 F. Supp. 2d 835, 843 (S.D. Ohio 2002) (quoting *Yeary v. Goodwill Indus.-Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997)).

Defendant contends that plaintiff has received all of the relief to which he would be entitled because "[p]laintiff has received his Certificate of Title and regained ownership of his vehicle." (Doc. 8 at 8, citing *Brownlow v. Schwartz*, 261 U.S. 216, 217 (1923)). Contrary to defendant's assertion, plaintiff does not allege he has gained title and ownership of the vehicle. Rather, an individual residing in Michigan titled the vehicle in his own name and not in plaintiff's name. (Doc. 7 at 8). This is not a ground for granting defendant judgment on the pleadings.

Defendant also contends that plaintiff's complaint fails to state a claim for relief against him. First, defendant argues that the Director of the Ohio Department of Public Safety is not the proper defendant. Defendant alleges that Ohio Rev. Code § 5502.01(A) grants the Ohio Department of Public Safety the power to "administer and enforce the laws relating to the registration, licensing, sale, and operation of motor vehicles and the laws pertaining to the licensing of drivers of motor vehicles." (Doc. 21 at 3). While the Director of the Department of Public Safety is the chief executive and administrative officer of the department, *see* Ohio Rev. Code § 5502.011(B), the Registrar of the Bureau of Motor Vehicles (BMV) "shall issue rules as the registrar determines necessary to ensure uniform and orderly operation of this chapter and to ensure that the identification of each applicant for a certificate of title is reasonably accurate." Ohio Rev. Code § 4505.02. The Registrar is empowered to prescribe the form of an application for a certificate of title and the corresponding procedures and methodologies. *See* Ohio Rev. Code § 4505.06. Defendant asserts that the Registrar, and not the Director of the Ohio Department of Public Safety, is the proper party in this matter but has not been named as a party.

Second, defendant contends plaintiff's complaint has not alleged a violation of state or federal law. (Doc. 8 at 8). Defendant argues that even if plaintiff had sued the proper party, i.e.,

5

the Registar, Ohio law requires that an application for Certificate of Title must include the applicant's full physical address. *See* Ohio Rev. Code § 4505.07(B)(5) ("Every certificate of title . . . shall contain . . . [t]he name and address of the owner, in full"). Defendant characterizes plaintiff's claim for relief as one seeking to "do the work of the Ohio legislature and rewrite the Ohio Revised Code as it pertains to the regulation of Certificate of Title law." (Doc. 8 at 8). Defendant contends that by requesting this Court to order the Director of the Department of Public Safety to develop a procedure for titling vehicles to individuals with no valid place of residence, plaintiff is asking this Court to order the defendant to implement a policy that violates Ohio law.

Liberally construing plaintiff's pro se complaint, it appears that plaintiff claims that the Ohio law requiring him to have a physical street address to obtain a Certificate of Title to prove he owns his motor vehicle violates his due process rights under the United States Constitution as applied. The essence of his claim is that he was denied the opportunity to obtain proof of ownership of his property under the Ohio law because he is a homeless person who resides in his van and has no fixed street address. Thus, contrary to defendant's argument, plaintiff is alleging a violation of his constitutional rights—he is challenging the constitutionality of the Ohio law as applied to him.

It also appears that defendant Director of the Ohio Department of Public Safety is a proper party defendant in this case. "It is well-settled that when a plaintiff seeks to challenge the constitutionality of a state statute, the proper defendant for that suit is the state official or agency that enforced the allegedly unconstitutional statute against the plaintiff." *Putnam v. Davies*, 169 F.R.D. 89, 98 (S.D. Ohio 1998). Under Ohio law, the Director of the Ohio Department of Public Safety is empowered to "administer and *enforce* the laws relating to the registration, licensing,

6

sale, and operation of motor vehicles and the laws pertaining to the licensing of drivers of motor vehicles." Ohio Rev. Code § 5502.01(A) (emphasis added). As defendant has the authority to enforce the allegedly unconstitutional statute against plaintiff, plaintiff's claims against the Director of the Ohio Department of Public Safety should not be dismissed at this juncture.[3]

Based on the foregoing, it is **RECOMMENDED** defendant's motion for judgment on the pleadings (Doc. 9) be **DENIED**.

Date: 7/17/19

Karen L. Litkovitz
United States Magistrate Judge

---

[3] The Court declines to address whether plaintiff's amended complaint states a claim for relief under the Due Process Clause in the absence of briefing by the parties.

7

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

CRAIG DAVALOS,
    Plaintiff,

vs.

GREG MORGAN, et al.,
    Defendants.

Case No. 1:18-cv-611
Dlott, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).