# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Craig Davalos,

    Plaintiff,

v.

Greg Morgan, *et al.*,

    Defendants.

Case No. 1:18cv611

Judge Michael R. Barrett

## ORDER

This matter is before the Court upon the Magistrate Judge's July 17, 2019 Report and Recommendation ("R&R") recommending that Defendant's Motion for Judgment on the Pleadings be denied. (Doc. 23). Defendant John Borne filed Objections to the R&R. (Doc. 25).

## I.    BACKGROUND

Plaintiff Craig Davalos brings this *pro se* action against Defendants Greg Morgan, the Ohio Department of Motor Vehicles, and the former Director of the Ohio Department of Public Safety, John Borne.[1] Plaintiff alleges a violation of his civil rights under 42 U.S.C. § 1985 and 42 U.S.C. § 1983. (Doc. 3). Plaintiff's claims arise out of the confiscation of his van. Plaintiff is homeless, so his van also serves as his home.

When Plaintiff attempted to have his van released to him, he was informed that he would need proof of ownership of the vehicle, *i.e.*, a title or current registration. However, Plaintiff only had the previous owner's certificate of title, a bill of sale in his name, and the

---

[1] As the Magistrate Judge noted, Thomas J. Stickrath is the current Director of the Ohio Department of Public Safety.

release of lien from the previous owner.  When Plaintiff went to register the vehicle in his name, he was told by an employee of the Bureau of Motor Vehicles that he would need to supply a valid State of Ohio street address.  However, because he is homeless, he does not have a physical street address and Plaintiff refused to supply a false address.  Plaintiff later had an individual in his home state of Michigan obtain a Michigan Certificate of Title for the vehicle in that individual's name.  That individual then retrieved the van and returned the van to Plaintiff.  Plaintiff explains that he is unable to obtain "legal" ownership of the van without committing perjury.

In his Amended Complaint, Plaintiff alleges that "due to internal rules and regulations supervised, administered and directed by John Borne, . . . it [is] impossible for someone without a physical residence to obtain a certificate of title without committing perjury and fraud on the application for Certificate of Title, thereby allowing no procedure to obtain ownership, registration or insurance."  (Doc. 3, PAGEID# 13-14).  Plaintiff seeks damages, an injunction ordering the return of his property, and an order requiring "the Ohio Bureau of Motor Vehicles to develop a procedure and methodology for ownership of my van that has no valid place of residence to apply for a Certificate of Title."  (Doc. 3, PAGEID# 14).

In his Motion for Judgment on the Pleadings, John Borne, former Director of the Ohio Department of Public Safety ("the Director"), argued that he was entitled to judgment on the pleadings on two grounds: Plaintiff lacks standing because his vehicle is now titled; and Plaintiff fails to state a claim upon which relief can be granted because he has not alleged that the Director has committed any violation of state or federal law.

2

Liberally construing Plaintiff's *pro se* complaint, the Magistrate Judge found that Plaintiff was claiming that the Ohio law requiring him to have a physical street address to obtain a Certificate of Title to prove he owns his motor vehicle, as applied to him, violates his due process rights under the United States Constitution. The Magistrate Judge declined to address whether Plaintiff's Amended Complaint states a claim for relief under the Due Process Clause because that issue had not been briefed by the parties. (Doc. 23, PAGEID# 104, n.3). Instead, the Magistrate Judge determined that Plaintiff does have standing to bring his claim. The Magistrate Judge explained that contrary to the Director's assertion, Plaintiff does not allege he has gained title and ownership of the vehicle. The Magistrate Judge pointed out that an individual residing in Michigan titled the vehicle in his own name and not in Plaintiff's name. (Doc. 7 at 8).

The Magistrate Judge also analyzed whether the Director is the proper defendant. The Magistrate Judge explained that Plaintiff is challenging the constitutionality of the Ohio law which requires that an application for Certificate of Title include the applicant's full physical address. The Magistrate Judge cited to Ohio Revised Code § 4505.07(8)(5), which provides: "Every certificate of title . . . shall contain . . . [t]he name and address of the owner, in full." The Magistrate Judge concluded that the Director is a proper party because pursuant to Ohio Revised Code § 5502.01(A), the Director is empowered to "administer and enforce the laws relating to the registration, licensing, sale, and operation of motor vehicles and the laws pertaining to the licensing of drivers of motor vehicles."

II. **ANALYSIS**

A. **Standard of Review**

This Court shall consider objections to a magistrate judge's order on a

nondispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

### B. Motion for Judgment on the Pleadings

The standard of review for a Rule 12(c) motion is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Fritz v. Charter Tp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Id.* (quoting *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007)). The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead "sufficient factual matter" to render the legal claim plausible, *i.e.*, more than merely possible. *Id.* (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-950 (2009)). Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 556 (2007)).

4

In his Objections, the Director argues that Plaintiff never alleged that his due process rights were violated because of a statute, but instead argued that it was an internal policy that resulted in the violation. However, as the Magistrate Judge explained, "[p]ro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). While Plaintiff's Amended Complaint references a Fourth Amendment unlawful-seizure claim, it is clear that Plaintiff is seeking redress for the deprivation of his property. It is well settled the Fourteenth Amendment's due process clause protects life, liberty, and property interests. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 538 n. 3, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). The Magistrate Judge did not find that Plaintiff was bringing a direct challenge to Ohio Revised Code § 4505.07(8)(5), but instead found that Plaintiff is challenging the statute as it applies to him. Specifically, Plaintiff alleges that the internal rules and regulations of the Ohio Department of Public Safety do not provide him with a "procedure to obtain ownership, registration or insurance." A governmental entity can be held liable under § 1983 if an "officially executed policy, or the toleration of a custom within [it] leads to, causes, or results in the deprivation of a constitutionally protected right." *Doe v. Claiborne Cty., Tenn. By & Through Claiborne Cty. Bd. of Educ.*, 103 F.3d 495, 507 (6th Cir. 1996) (citing *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690-91 (1978)). Here, Plaintiff has named the Director of the Ohio Department of Safety in his official capacity. "Official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell*, 436 U.S. at 690 n. 55. Therefore, the Court finds no error in the

5

Magistrate Judge's conclusion that the Director is a proper party to this case.

In his Objections, the Director also argues that the Magistrate Judge improperly concluded that there is a still a case or controversy to be decided by the Court. The Constitution permits this Court to decide legal questions only in the context of actual "Cases" or "Controversies." *Alvarez v. Smith*, 558 U.S. 87, 92, 130 S. Ct. 576, 580, 175 L. Ed. 2d 447 (2009) (citing U.S. Const., Art. III, § 2). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.' " *Id.* at 91 (quoting *Murphy v. Hunt*, 455 U.S. 478, 481, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982)); *see also Cleveland Branch, NAACP v. City of Parma*, 263 F.3d 513, 530–31 (6th Cir. 2001) ("A case becomes moot only when subsequent events make it absolutely clear that the allegedly wrongful behavior cannot reasonably be expected to recur and 'interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.'") (quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979)). The Court finds no error in the Magistrate Judge's conclusion that Plaintiff's claim is not moot because as the Magistrate Judge explained, Plaintiff does not allege that he has gained title and ownership of his van.

### III. CONCLUSION

Based on the foregoing, the Magistrate Judge's July 17, 2019 R&R (Doc. 23) is **ADOPTED**. Accordingly, it is hereby **ORDERED** that the Motion for Judgment on the Pleadings filed by the former Director of the Ohio Department of Public Safety, John Borne, (Doc. 8) is **DENIED**.

**IT IS SO ORDERED.**

                                              */s/ Michael R. Barrett*
                                              JUDGE MICHAEL R. BARRETT