# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| CRAIG DAVALOS,<br>Plaintiff, | Case No. 1:18-cv-611<br>Barrett, J.<br>Litkovitz, M.J. |
| vs. | |
| GREG MORGAN,<br>Defendant. | **ORDER** |

This matter is before the Court on defendant Greg Morgan's Motion to Vacate Clerk's Entry of Default. (Doc. 41). The motion is unopposed.

Plaintiff Craig Davalos filed his pro se complaint in this action on August 28, 2018 (Doc. 1) and an amended complaint adding defendants on September 10, 2018 (Doc. 3). Summons were returned executed as to defendant Morgan on June 25, 2019. (Doc. 20). A Calendar Order was issued on November 13, 2019, and the Clerk entered Morgan's default on December 11, 2019. (Docs. 33, 36). Counsel entered an appearance for defendant Morgan on December 31, 2019 (Doc. 38), and Morgan moved to vacate the entry of default on January 14, 2020. (Doc. 41).

The Court considers three factors to determine whether good cause exists for setting aside an entry of default: (1) whether the default was willful, (2) whether setting aside the entry of default would prejudice plaintiff, and (3) whether the alleged defense is meritorious. *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 838-839 (6th Cir. 2011) (citing *United Coin Meter Co. v. Seaboard Coastline Railroad*, 705 F.2d 839, 844 (6th Cir. 1983)).

Defendant Morgan has shown that these three factors weigh in favor of setting aside the entry of default in this case. First, there is no indication that Morgan's failure to timely respond

to the complaint was willful. Second, plaintiff does not oppose the motion and does not allege that setting aside the entry of default will prejudice his case. Third, Morgan has shown that he intends to present meritorious defenses. *See Dassault Systemes, SA*, 663 F.3d at 843 (citing *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 326 (6th Cir. 2010) (under Rule 55(c), a defense is "meritorious" if it is "good at law," which depends upon whether there is "some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default")).

Thus, defendant Morgan has shown "good cause" for setting aside the entry of default. Defendant Morgan's motion to vacate the Clerk's entry of default (Doc. 41) is **GRANTED**. The entry of default (Doc. 36) is **VACATED**.

**IT IS SO ORDERED.**

Date: 2/6/2020

Karen L. Litkovitz
United States Magistrate Judge

2